Snell v. Palmer.

---

## THOMAS SNELL
## v.
## SARAH M. PALMER.

VERBAL RELEASE OF MORTGAGE WITHOUT CONSIDERATION.—Where it was claimed that a certain mortgage was released by a verbal agreement between the mortgagor and mortgagee, and such agreement was without consideration. *Held*, that if such an agreement could bind the parties to it, it certainly could not bind a person not a party to it, unless· that person was induced by the promise made, to purchase property, invest his money, or do some act prejudicial to his interest.

ERROR to the Circuit Court of De Witt county; the Hon. G. W. HERDMAN, Judge, presiding. Opinion filed February 7, 1883.

Mr. R. A. LEMON, for plaintiff in error; that the Statute of Limitations of 1839 concerning possession, etc., can not be interposed as a defense to a foreclosure proceeding by a mortgagor, or those claiming under him, with notice actual or constructive, cited Hagan v. Parsons, 67 Ill. 170; Markoe v. Andras, 67 Ill. 34.

The proposition to release was a *nudum pactum:* Bush v. Sherman, 80 Ill. 160.

As to estoppel : Bigelow on Estoppel, 480, 560.

Mr. THOMAS T. TIPTON and Mr. HARRY V. TIPTON for defendant in error; that a parol release of mortgage of part of the mortgaged premises is good, cited Stevenson v. Adams, 50 Mo. 475; Craft v. Webster, 4 Rawle, 255; Wentz v. DeHaven, 1 S. & R. 317; Whitewill v. Wilson, 3 Penn. 414; Wallus v. Long, 16 Ala. 738; Ackla v. Ackla, 6 Barr (Pa.), 228; Rickart v. Madena, 1 Rawle, 235.

The possession of land is notice of all the rights of the party in possession: Rigbey v. Quigley, 50 Ill. 304; McDowell v. Lucas, 97 Ill. 489; Morrison v. Kelly, 22 Ill. 610; Doolittle v. Cook, 75 Ill. 354; Rupert v. Marts, 15 Ill. 540; Bartling v. Brashun, 102 Ill. 441; Flint v. Lewis, 61 Ill. 299; Dyer v. Martin, 4 Scam. 146; White v. White, 89 Ill. 460; Mathison v. Prescott, 86 Ill. 493; Brown v. Gaffney, 28 Ill. 150.

A mortgage may be released and discharged in whole or in part, without affecting the validity of the debt: Wallus v. Long, 16 Ala. 740; Baker v. Wimple, 22 Ga. 69; Bolkun v. Owens, 47 Ala. 268; Sherman v. Sherman, 3 Ind. 337.

In equity the assignee of a promissory note, who seeks to foreclose the mortgage by which it is secured, takes it subject to any defense the maker has against the same in the hands of the original payee and mortgagee: Melendy v. Keen, 89 Ill. 395; Silverman v. Bullock, 98 Ill. 19; C. D. & V. R'y Co. v. Loewenthal, 93 Ill. 450; Ellis v. Sisson, 96 Ill. 105.

A mortgage may be extinguished by acts or declarations of a mortgagee, showing a waiver of his rights under it: Paul v. Hayfield, 9 Shepley, 234; Brandt v. Daniels, 45 Ill. 453.

DAVIS, P. J. This was a suit in chancery, brought by appellant in the court below, to obtain the foreclosure of a mortgage.

The land mortgaged was owned originally by W. B. Smith, and consisted of three small tracts, one of eight, one of ten, and the other of twelve and three quarter acres. Smith sold the land to Taylor, who, to secure the three notes given for the purchase money for $4,500, executed the mortgage which is sought to be foreclosed.

The note first maturing for $2,000, was paid by Taylor to Smith, and payments have been made from time to time on the two notes described in the bill, which were assigned by Smith to George Deitrich, and by him to plaintiff in error in the year 1875.

The ten acre tract is the only one in controversy. It appears that some time after the execution of the mortgage, Tay-

lor turned over to Ezekiel H. Palmer, on an execution, the ten acres in dispute, and the same were, in 1867, with thirty-six additional acres, purchased by Palmer at sheriff's sale, and the time for redemption having expired, a sheriff's deed was executed to him, dated June 9, 1868.

On the 18th of June, 1868, Taylor made to Palmer a deed to forty-six acres of land, embracing the ten acres in controversy. No agreement was made between Smith, Palmer and Taylor, when they were together, with reference to a release of the ten acres, but in a previous conversation between Smith and Taylor, Smith had agreed to release the ten acres in question, if Taylor could obtain a purchaser for them. Taylor sold them to Coliver, but when the two met to close the trade, Palmer came in with a judgment and stopped the sale.

Smith agreed with Taylor, he would release the land if Taylor would pay up the first note and raise him from one to three hundred dollars. The note and money were paid. Taylor stated to Palmer the conversation he had with Smith, and Palmer said he would get the release from Smith. Taylor never said anything to Smith about releasing to Palmer, and Taylor received no money from Palmer on the land. Palmer took the land with knowledge of the mortgage and said he would attend to the release.

Defendant in error, as executrix of the last will and testament of Ezekiel H. Palmer, deceased, filed her cross-bill in the cause, claiming that by the agreement between Taylor and Smith the ten acres were released, and that the mortgagee, and those claiming under him, were estopped from foreclosing as to her.

On the hearing the court below decreed a sale of the mortgaged premises, except the ten acres in question, and released the mortgage from the same, and ordered the master in chancery to execute the release.

Plaintiff in error, being dissatisfied with the decree, prosecutes this writ of error to obtain its reversal, and the only question presented by the record, is, whether the court below was justified in holding that the ten acres of land claimed by defendant in error were released from the mortgage.

It is clear there was no agreement for the release made be-

tween the mortgagee, or those claiming under him, and E. H. Palmer, and unless what transpired between Smith, the mortgagee, and Taylor, the mortgagor, can be construed as amounting to a release, none exists.

Palmer was no party to any arrangement between Smith and Taylor, and if the conversations or "talks" between Smith and Taylor amounted to an agreement, it was without consideration, and if it could bind the parties, it certainly could not bind a person not a party to it, unless that person was induced by the promise made to purchase property, invest his money, or do some act prejudicial to his interest.

In this case Palmer was not induced to purchase the ten acres in question, invest his money, or do any prejudicial act, by any promise, agreement, or representation of Smith to Taylor. The forty-six acres, embracing the ten acres in controversy, were purchased by Palmer, not of Taylor, but of the sheriff, under execution sale in 1867, and the deed made to same June 9, 1868; and the purchase from Taylor, if any, was made by Palmer, which is very doubtful, was on the 18th of June, 1868, at the time the deed was executed by Taylor to Palmer.

If any money was paid by Palmer on the ten acres, it was paid by him to the sheriff on his purchase of the forty-six acres, sold under execution issued on his judgment, and such payment could not have been induced by the pretended agreement between Smith and Taylor.

The testimony of Taylor is direct, positive, and uncontradicted that he received no money from Palmer on the land.

As further evidence that Palmer did not acquire his interest under any inducement held out by Smith, it appears that when Taylor attempted to act with Smith in closing the sale of the ten acres to Coliver, Palmer came in with his judgment previously acquired and stopped the sale.

We think, therefore, that the court below erred in finding the mortgage released on the ten acres, and in not decreeing the sale of all the mortgaged premises, if necessary, to pay the amount found due plaintiff in error. The decree must be reversed and the cause remanded.

Decree reversed.